## Muhlenberg Sportsmen's Club's License

*Walter S. Young*, for appellant.

*Martin F. Hatch*, for Pennsylvania Liquor Control Board.

MAYS, J., November 17, 1941.—The Muhlenberg Sportsmen's Club is a nonprofit corporation incorporated June 5, 1939. It has acquired title in fee to a tract of land in Jefferson Township upon which is erected a suitable club house.

On July 21, 1941, appellant applied to the Liquor Control Board for a license to sell liquor and malt or

brewed beverages. On September 22, 1941, the Liquor Control Board refused to issue such a license for the following specific reason:

"The quota for the Township of Jefferson is exceeded and the board is prohibited by Act 358 from issuing any new licenses, except hotels, for this municipality."

On October 10, 1941, it filed its appeal, whereupon the court fixed October 25, 1941, as the time for hearing. No testimony was taken, the parties stipulating certain facts which appear in the transcript made and filed.

It appears that the population of Jefferson Township is 660; that but one restaurant liquor license is in effect therein, and that there are no club or hotel licenses.

Counsel for the Liquor Control Board stated the question involved to be as follows: "The only question is now as to whether or not the construction of Act 358 is applicable to this instance and the quota has been exceeded."

Under the facts of this case, we can dispose of this matter by merely discussing and making answer to the question involved. There is, however, still another question that could have been raised but need not now be passed upon, viz, "Did the legislature intend to limit the number of licenses to be issued to clubs?"

Section 2 of the Liquor License Quota Act of June 24, 1939, P. L. 806, provides that "No licenses shall hereafter be granted by the Pennsylvania Liquor Control Board for the retail sale of malt or brewed beverages, or the retail sale of liquor and malt or brewed beverages, in excess of one of such licenses, of any class, for each one thousand inhabitants or fraction thereof, in any municipality, exclusive of licenses granted to hotels, as defined in this act, and clubs; but at least one such license may be granted in each municipality, except in municipalities where the electors have voted against the granting of any retail licenses. Nothing contained in this section shall be construed as denying the right to

the Pennsylvania Liquor Control Board to renew or to transfer existing retail licenses of any class, notwithstanding that the number of such licensed places in a municipality shall exceed the limitation hereinbefore prescribed; but where such number exceeds the limitation prescribed by this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded."

Since there is but one license in effect in Jefferson Township, the quota has not been exceeded. What was said by Hipple, P. J., in Horton Township Sportsmen's Club's License, 41 D. & C. 261, 265, we believe is applicable and controlling here:

"Even if it were held that the prohibition against the issuance of new licenses affected all kinds of licenses for the sale of liquor, or malt or brewed beverages at retail, including clubs, there is no prohibition against the issuance of a new club license unless the number of retail licenses to be computed in determining the population restriction exceeds the number allowed under the Act of June 24, 1939."

In the last-cited case and others, the court in sustaining the appeal directed the license to issue to the applicant. This, we believe, is not the correct and proper method of handling this matter. It must be remembered that, in the granting of licenses to clubs, the legislature has given the Liquor Control Board certain discretion. The court of quarter sessions merely has supervisory power to determine whether or not that board has acted honestly, fairly, and according to the provisions of the act and the regulations adopted by the board.

In the instant case the board merely concluded that as a matter of law it had no right to issue this license. So far as this phase of the case is concerned, we conclude otherwise. This, however, will not deny the board the right to exercise its discretion. If, after hearing, it decides that the license should not be issued for other reasons, we could then, on appeal, hear the matter de

novo and determine whether or not there was an abuse of discretion.

Therefore, we are of the opinion that the only reason assigned by the board to sustain its refusal to issue the license to this applicant is invalid, and that the appeal should be sustained. The Liquor Control Board in passing upon this matter merely acted upon what it conceived to be a fixed rule of law. It did not decide the matter according to the particular circumstances of the case.

Discretion has been defined (see Bouvier's Law Dictionary) as "That part of the judicial function which decides questions arising in the trial of a cause, according to the particular circumstances of each case, and as to which the judgment of the court is uncontrolled by fixed rules of law.

"The power exercised by courts to determine questions to which no strict rule of law is applicable but which, from their nature, and the circumstances of the case, are controlled by the personal judgment of the court."

And now, to wit, November 17, 1941, the appeal of the Muhlenberg Sportsmen's Club is sustained, and the Pennsylvania Liquor Control Board is hereby ordered and directed to conduct a hearing and determine in its discretion whether or not a license should be granted to applicant.